NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0463n.06

No. 23-3912

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 21, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| JOSE M. RODRIGUEZ, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, THAPAR, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Jose Rodriguez pled guilty to two fentanyl-related charges, and the district court sentenced him to 140 months in prison. He now argues that the government violated his plea agreement and that the district court improperly applied a sentencing enhancement. We affirm.

In early 2022, DEA agents intercepted three packages bound for Rodriguez and containing fentanyl. The agents later conducted two controlled buys of fentanyl pills from him. A grand jury thereafter indicted Rodriguez for conspiracy and attempted possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He entered a plea agreement in which the parties jointly recommended a sentence based on an offense level of 29 under the sentencing guidelines—comprising 32 points for the offense minus three points for accepting responsibility. The agreement thus recommended a sentence between 121 and 151 months. The parties also agreed that no other sentencing enhancements should apply, but that the

district court would ultimately calculate the guidelines range (with input from the probation office) and then impose a sentence. *See* Fed. R. Crim. P. 11(c)(1)(B).

The probation office prepared a presentence report that recommended applying three sentencing enhancements. Together, those enhancements would have added eight points to Rodriguez's offense level, resulting in a guidelines range of 292 to 365 months.

At the sentencing hearing, the district court first acknowledged the parties' agreed-upon guidelines range and then asked each party about the PSR's proposed enhancements. The government prefaced each of its answers by asking the court to "abide by the plea agreement." Twice, the government agreed that Rodriguez's conduct qualified for the enhancements; yet both times the government reiterated its request that the court impose a sentence within the agreed-upon guidelines range.

Eventually, the district court applied two of the three proposed enhancements and calculated a guidelines range of 188 to 235 months. After all that discussion, however, the district court chose to apply the guidelines range that the parties had agreed to in the first place, namely 121 to 151 months. The court then sentenced Rodriguez to 140 months. This appeal followed.

Rodriguez argues that the government violated the plea agreement when it responded to the court's questions by discussing the factual basis for the PSR's proposed sentencing enhancements. Rodriguez did not object to those responses in the district court, so we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 138 (2009). A defendant can seek to set aside his sentence (or guilty plea) if the government violates the terms of a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262–63 (1971). But a prosecutor does not violate a plea agreement when she provides "factual information" regarding a potential enhancement in response

to a specific question from the court. *See United States v. Moncivais*, 492 F.3d 652, 664 (6th Cir. 2007). In that instance, rather, the prosecutor honors her duty of candor to the court.

That is all the prosecutor did here. Three times the court asked the government about the factual basis for a potential enhancement; and three times the government gave a candid answer to the question while asking the court to honor the plea agreement. And in one of those instances—regarding a proposed four-level enhancement for marketing fentanyl as oxycodone—the government persuaded the court not to apply the enhancement. *See* Tr. at 445 (stating that "we do not have evidence that he did knowingly sell these as oxys"). The government did not breach the plea agreement.

Rodriguez otherwise argues that the district court lacked evidence to find that he had a managerial role in the conspiracy. *See* USSG § 3B1.1(c). We review the district court's application of this enhancement for clear error. *United States v. Washington*, 715 F.3d 975, 982–83 (6th Cir. 2013). The managerial-role enhancement applies when a defendant was an "organizer, leader, manager, or supervisor" in a criminal activity. *See* USSG § 3B1.1(c). Someone who exercises "control or authority over at least one accomplice" is a manager for the purposes of this enhancement. *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). Here, Rodriguez told accomplice Larry Steele what to do with the packages delivered to his drug house and even allowed Steele to live there. Rodriguez also used friends, family, and associates to send wire transfers to the Sinaloa cartel in Mexico. The district court did not clearly err in finding that Rodriguez was a manager within the meaning of § 3B1.1(c). *See United States v. Minter*, 80 F.4th 753, 758 (6th Cir. 2023).

The district court's judgment is affirmed.